Filed 5/2/13  In re I.V. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| In re I.V. et al., Persons Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C068729 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 10JQ00457 & 11JQ00485) |
| v. | |
| I.V. et al., | |
| Defendants and Appellants. | |

The minors admitted guilt on one count of rape or sexual penetration by force against the will of the victim while acting in concert with another person.  Following an evidentiary hearing on the minors' subsequent motions to withdraw their admissions based on learning disabilities and ineffective assistance, the juvenile court denied their

1

motions to withdraw the admissions and committed the minors to the Division of Juvenile Justice (DJJ) for the maximum period of nine years.

The minors now contend (1) although delinquency adjudications are traditionally made without a jury trial, the minors have a federal due process right to a jury trial in this case due to the lifetime residency restrictions; and (2) the juvenile court failed to advise the minors that they would be subject to sex offender registration and residency restrictions for life.

We conclude the minors do not have a right to a jury trial, and they fail to show prejudice resulting from improper advisement. We will affirm the judgment.

BACKGROUND

Amended petitions filed under Welfare and Institutions Code section 602, subdivision (a), alleged that the minor I.V., age 17, and his twin brother (whose initials are also I.V.), committed eight sexual offenses against E.A., who was 16 years old. The minors admitted one count of rape or sexual penetration by force against the will of the victim while acting in concert with another person (Pen. Code, § 264.1[1] -- count VIII) in exchange for dismissal of seven counts charging other sexual offenses.

The minors subsequently retained private counsel and filed motions to withdraw their admissions. The motions claimed that due to the minors' learning disabilities, and also due to ineffective assistance by their former attorneys, the minors did not waive their constitutional rights in a knowing and intelligent manner and did not understand what they admitted or the consequences of their admissions. The minors also claimed that their former counsel failed to conduct an adequate investigation of their case.

At the hearing on their motions, the minors called witnesses, including their former attorneys, presented documentary evidence, and testified themselves. The former

---

[1] Undesignated statutory references are to the Penal Code.

2

attorneys testified that they informed the minors they would be required to register as sex offenders. The minors testified to the contrary. There was no testimony about statements to the minors concerning the duration of the registration requirements or the residency restrictions applicable to registered sex offenders. The juvenile court denied the minors' motions.

The juvenile court sustained the amended petitions for violations of section 264.1 and committed the minors to the DJJ for nine years, the maximum time each minor could be confined in secured custody for a violation of section 264.1. The period of commitment was actually longer for one of the minors due to a term imposed in a prior juvenile proceeding.

DISCUSSION

I

The minors contend that although delinquency adjudications are traditionally made without a jury trial, the minors have a federal due process right to a jury trial in this case due to the lifetime residency restrictions. We disagree.

The United States Supreme Court held in *McKeiver v. Pennsylvania* (1971) 403 U.S. 528, 530, 545 [29 L.Ed.2d 647, 652, 661] (*McKeiver*) that the due process clause of the federal Constitution does not guarantee juveniles a right to a jury trial in the adjudicative stage of a state juvenile court delinquency proceeding. The minors acknowledge the holding in *McKeiver*, but nonetheless argue they are entitled to a jury trial because the consequences of these adjudications, particularly the lifetime residency restrictions in section 3003.5, subdivision (b), are so punitive that they render these juvenile proceedings indistinguishable from adult criminal prosecutions.[2] The minors

---

[2] While the minors broadly state that changes in California's juvenile delinquency law in the past four decades created proceedings that closely match adult criminal proceedings,

3

assert the judgments against them must be reversed because they did not waive their jury trial rights.

The minors did not claim below that they have a constitutional right to a jury trial. Instead, they elected to admit violations of section 264.1 and to enter pleas rather than proceed with a contested court hearing. But assuming the minors preserved their claims,[3] their assertion of a constitutional right to a jury trial in this context is contrary to controlling precedent.

Over four decades ago, the plurality opinion in *McKeiver* concluded that trial by jury is not a constitutional requirement in a juvenile proceeding. (*McKeiver, supra,* 403 U.S. at pp. 530, 545 [29 L.Ed.2d at pp. 652, 661].) In *People v. Nguyen* (2009) 46 Cal.4th 1007, 1022 (*Nguyen*), the California Supreme Court likewise recognized that juveniles do not have a constitutional right to a jury trial. Although *Nguyen* involved

---

they only provide argument with citation to authority regarding the punitive nature of the residency restriction in section 3003.5.

Section 3003.5, subdivision (b) provides that "[n]otwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather." Because they admitted committing an offense enumerated in section 290.008, subdivision (c), the minors will be required to register as sex offenders when they are discharged from the DJJ. (§ 290.008, subd. (a).)

[3] The Attorney General argues the minors forfeited their constitutional claims because they did not object in the juvenile court to sex offender registration or residency restrictions. In *People v. Marchand* (2002) 98 Cal.App.4th 1056, this court held that a defendant forfeits a due process challenge to sex offender registration by failing to assert it in the trial court. (*Id.* at p. 1061.) But there is no forfeiture where the minor presents a facial constitutional challenge, i.e., a claim that presents a pure question of law that can be resolved without reference to the particular sentencing record developed in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 [also recognizing appellate court's discretion to consider forfeited claims]; *In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1323 [exercising discretion to consider minor's equal protection claim even though the claim was not raised below].) The minors' jury trial claim is a facial constitutional challenge that we may review even if raised for the first time on appeal.

4

whether the federal Constitution allows the use of a prior juvenile adjudication as a strike under California's three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), the right to a jury trial in juvenile proceedings was central to the decision because the defendant claimed that *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*) barred the use of his juvenile adjudication to enhance his punishment for the current offense where the prior juvenile proceeding did not afford him the right to a jury trial. (*Nguyen, supra,* 46 Cal.4th at pp. 1010-1011, 1019-1025.) In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra,* 530 U.S. at p. 490 [147 L.Ed.2d at p. 455].) The Supreme Court in *Nguyen* held that *Apprendi* does not preclude the use of a prior juvenile adjudication to enhance the sentence against an adult offender simply because the juvenile proceeding did not confer a right to a jury trial. (*Nguyen, supra,* 46 Cal.4th at pp. 1019, 1025, 1028.) Agreeing with the majority of the courts holding that nonjury juvenile adjudications may be used to enhance subsequent adult sentences (*id.* at pp. 1020-1022), the California Supreme Court recognized that "the introduction of juries in [juvenile proceedings] would interfere too greatly with the effort to deal with youthful offenders by procedures less formal and adversarial, and more protective and rehabilitative -- at least to a degree -- than those applicable to adult defendants." (*Id.* at p. 1023.) The Supreme Court concluded that "the absence of jury trials from juvenile proceedings does not significantly undermine the fairness or accuracy of juvenile factfinding." (*Id.* at p. 1025.)

The minors nonetheless contend the lifetime residency restrictions in section 3003.5, subdivision (b) constitute punishment, and the facts required to impose such punishment must be found true by a jury beyond a reasonable doubt. However, the California Supreme Court previously held that the residency restrictions in section 3003.5 are not punishment. (*In re E.J.* (2010) 47 Cal.4th 1258, 1278, 1280.) Although decided

5

in a different context, the Supreme Court said the residency restrictions are "clearly intended to operate and protect the public in the present, not to serve as additional punishment for past crimes." (*Id.* at p. 1278, italics omitted.)

The issue presented in this case is currently before the California Supreme Court. (*In re S.W.* (review granted January 26, 2011, S187897) [whether a juvenile court could constitutionally impose sex offender requirements without a jury trial]; *People v. Mosley* (review granted January 26, 2011, S187965) [does discretionary imposition of lifetime registration and residency restrictions increase penalty within the meaning of *Apprendi*, requiring jury findings]; *In re J.L.* (review granted March 2, 2011, S189721) [same]). Until the California Supreme Court decides the issue, we will continue to be guided by *Nguyen.*

## II

The minors next claim they should be allowed to withdraw their admissions because they were not advised that they would be subject to sex offender registration and residency restrictions for life.

## A

Regarding sex offender registration, the minors contend the juvenile court failed to advise them about the lifetime duration of the sex offender registration requirement. The minors also assert the plea forms misadvised them that the registration obligation would expire on their 25th birthdays. In the presence of the minors and their attorneys, the juvenile court read aloud the petitions against the minors, including giving the minors notice that if the juvenile court adjudicated them wards of the court for the charged offenses and committed them to the DJJ they would be required to register as sex offenders pursuant to section 290. Before the juvenile court took the minors' admissions, the juvenile court asked the minors whether they understood that if they are sent to the DJJ they would be required to register as sex offenders pursuant to section 290 upon their release. The minors responded that they understood the juvenile court's advisement. The

6

record does not reflect a verbal reference to the duration of the registration requirement at that hearing, but the advisement and waiver of rights forms signed by the minors stated that if the minors admitted a violation of section 264.1, they would be required to register as sex offenders until their 25th birthdays.

The minors rely on *People v. Zaidi* (2007) 147 Cal.App.4th 1470 (*Zaidi*). In that case, the First District Court of Appeal held that before taking a plea, a court must advise a criminal defendant that he or she will be required to register as a sex offender for life. (*Zaidi, supra*, at pp. 1481-1486.) The minors argue that the erroneous advisement regarding the length of sex offender registration meant that their admissions were not voluntary and intelligent. They add that their claim is not forfeited by failure to object in the juvenile court because they could not reasonably have brought the error to the juvenile court's attention. The minors assert they would not have entered the admissions had they been properly advised.

The Attorney General counters that the minors forfeited their claims by not objecting in the juvenile court. Disagreeing with the holding of *Zaidi*, the Attorney General urges that the juvenile court had no duty to advise the minors about sex offender registration at the time of taking the minors' pleas because sex offender registration is a collateral, rather than direct, consequence of a plea admission. The Attorney General further argues that the minors should not be permitted to withdraw their pleas because there is no evidence that they relied on any advisement about the length of the registration requirement in entering their pleas. According to the Attorney General, the minors did not suffer any prejudice because if they had withdrawn their pleas and were subsequently adjudicated of committing more than one serious felony, they would still be required to register as sex offenders and could not have been committed to the DJJ for less than nine years.

We conclude that even if the minors' claims are properly before us, and even if the minors were incorrectly advised, the record does not contain evidence of prejudice.

7

As the minors acknowledge, they are entitled to withdraw their pleas only if they establish that they were prejudiced by the failure to advise or the misadvisement. (*People v. McClellan* (1993) 6 Cal.4th 367, 378 (*McClellan*); *In re Moser* (1993) 6 Cal.4th 342, 352 (*Moser*); *Zaidi, supra*, 147 Cal.App.4th at p. 1487.) In other words, to obtain relief, each minor must show that he would not have admitted guilt had the juvenile court given the allegedly required advisement. (*McClellan, supra,* 6 Cal.4th at p. 378; *Moser, supra,* 6 Cal.4th at p. 352; *Zaidi, supra*, 147 Cal.App.4th at p. 1487.)

Both minors testified at the hearing on their motions to withdraw their admissions. They also presented other evidence. There is no evidence or indication in the record that the minors would not have entered the admissions to the section 264.1 violation if the juvenile court had advised them that they would be required to register as sex offenders for life. Unlike in *Zaidi*, there is no declaration or testimony in this case that the minors would not have admitted the violations of section 264.1 if they had known they would be required to register as sex offenders for life. (*Zaidi, supra*, 147 Cal.App.4th at p. 1488.) The assertion in the minors' appellate briefs concerning prejudice, with no support in the record, does not satisfy the minors' burden on appeal. (*McClellan, supra,* 6 Cal.4th at p. 378.)

The motions to withdraw admissions do not complain that the juvenile court failed to advise the minors about the lifetime registration requirement or that the minors were misadvised about the duration of this requirement. The lack of any such evidence suggests that the lifetime duration of the requirement to register as a sex offender had no bearing on the minors' decisions to admit the section 264.1 violation. (*McClellan, supra,* 6 Cal.4th at p. 378.) Moreover, the record shows that the minors were facing adjudication on eight counts of alleged sexual offenses. The juvenile court informed them that if it adjudicated them wards of the court for the charged offenses and committed them to the DJJ they would be required to register as sex offenders pursuant to section 290. The minors' former attorneys testified that they informed the minors they

8

would be required to register as sex offenders. And before the juvenile court took the minors' admissions, it asked the minors whether they understood that if they were sent to the DJJ they would be required to register as sex offenders pursuant to section 290 upon their release. The minors responded that they understood. If adjudicated on the eight counts, they faced lifetime sex offender registration and commitment for at least nine years. Under those circumstances, the minors agreed to admit one count in exchange for dismissal of seven counts. On this record, the minors fail to meet their burden of establishing prejudice from any error in the advisement about the sex offender registration.

B

Turning to the residency restrictions, the minors claim the juvenile court's failure to advise them of the restrictions renders their admissions invalid.

The Attorney General responds that the minors' claim is not ripe because there is no evidence the residency restrictions will ever be applied to the minors. According to the Attorney General, the juvenile court had no duty to advise the minors about the residency restrictions because such restrictions are a collateral consequence of the plea. The Attorney General also points out the lack of evidence that the minors relied on the future potential application of the residency restrictions in entering their pleas.

Once again, even if the minors' appellate claim is properly before us, and even if there was a failure to advise, the lack of advisement does not compel reversal because nothing in the record shows prejudice. (*McClellan, supra,* 6 Cal.4th at p. 378; *Moser, supra,* 6 Cal.4th at p. 352; *Zaidi, supra*, 147 Cal.App.4th at p. 1487.) Although the minors argue they would not have admitted the section 264.1 violations had they been

9

advised about the residency restrictions, there is no evidence in the record supporting that assertion.

DISPOSITION

The judgment is affirmed.

                                             _____MAURO_____, J.

We concur:

_____HULL_____, Acting P. J.

_____HOCH_____, J.